Territorial Law Library

FILED COURT

2013 MAR 15 PM 1:02

CLERK OF COURT

# IN THE SUPERIOR COURT OF GUAM

PETER RAFFEY MEDINA, )
           )    CASE NO. DM0860-11
        Plaintiff, )
           )
     v. )
           )    **DECISION AND ORDER**
LOLITA MUNOZ, BUENVENIDO P. )
BARCINAS, and KENNIDIE I.M. )
BARCINAS, )
           )
        Defendants. )
           )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on December 17, 2012 on Defendants' Motion to Dismiss. Plaintiff Peter Medina was represented by Attorney Seaton M. Woodley, III. Attorney William Pesch represented Defendants Lolita Munoz, Buenvenido P. Barcinas and Kennidie I.M. Barcinas. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Plaintiff Medina filed a suit to establish paternity of Kennidie Barcinas (hereinafter, "Kennidie"). On August 9, 2012, this Court dismissed the action for failure to serve necessary parties. An amended complaint was then filed and served upon Kennidie and Buenvenido Barcinas ("Buenvenido"), who was married to Lolita Munoz ("Lolita") when Kennidie was born. Buenvenido and Lolita, since divorced, continue to have joint legal custody over Kennidie.

Plaintiff Medina has moved for genetic testing to establish paternity pursuant to 5 G.C.A. § 34119. Plaintiff contends he, not Buenvenido, is Kennidie's father. Defendants collectively challenge Medina's standing as to his ability to challenge Buenvenido's presumed paternity as well as his ability to move for genetic testing and have filed a motion for Summary Judgment.

## DISCUSSION

Defendants have moved for summary judgment pursuant to Guam R. Civ. P. 56(b). In considering a motion for summary judgment, this Court "must draw inferences and view the evidence in a light most favorable to the non-moving party." Bank of Guam v. Flores, 2004 Guam 25 ¶ 7. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at ¶ 8 (quoting Guam R. Civ. P. 56(c)). Defendants assert Plaintiff lacks standing to challenge Buenvenido's paternity. After reviewing the law and facts alleged in the case, this Court agrees.

### A. Paternity Presumption.

Title 19 of the Guam Code provides substantive law regarding parent/child personal relations. Title 19 sets forth the following:

> All children born in wedlock are presumed to be legitimate. All children of a woman who has been married, born within ten (10) months after the dissolution of the marriage, are presumed to be legitimate children of that marriage. The presumption of legitimacy can be disputed only by the husband or wife, or the descendant of one or both of them. Illegitimacy, in such case, may be proved like any other fact.

19 G.C.A. §§ 4101-4103. Here, Kennidie was born during the marriage of Buenvenido and Lolita. *Munoz Decl.* Feb. 16, 2012. Under Title 19, Buenvenido is presumptively Kennidie's father. The issue then turns to whether such a presumption may be rebutted.

Guam law specifically enumerates presumptions that are deemed conclusive. "The following presumptions, and no others, are deemed conclusive: The issue of a wife cohabiting with her husband who is not impotent, is indisputably presumed to be legitimate." 6 G.C.A. § 5106(5).

This Court has found no Guam precedent on point. As Guam's statutes are based on those of California, the Court frequently turns to California law as instructive. California employs a similar conclusive presumption to that found in Guam. "Except as provided in Section 7541, the child of a wife cohabiting with her husband, who is not impotent or sterile is conclusively presumed to be a child of the marriage." Cal. Fam. Code § 7540 (West 2013). Section 7541 of the California Family Code allows for genetic testing to resolve paternity under certain conditions despite the presumption of paternity found in Section 7540. *See* Cal. Fam. Code § 7541 (West 2013).

The § 7540 presumption "is a social policy statement made by the Legislature to protect the integrity of the family unit." In re Kiana A., 93 Cal.App.4th 1109, 1114 (2001). This presumption has been found by both the California Supreme Court and the Supreme Court of the United States to be Constitutional. See Michelle W. v. Ronald W., 39 Cal.3d 354 (1985); Michael H. v. Gerald D., 491 U.S. 110 (1989).[1] The California Courts have held when applying paternity presumptions, the extant father-child relationship is to be preserved at the cost of biological ties. See Michelle W., 39 Cal.3d 354 at 363 (1985). There, the Court placed greater weight on the state's interest in familial stability and the welfare of the child than on the abstract interests of the putative father.

Turning back toward Guam law, the Guam Legislature has enacted a similar presumption as that found in California. As discussed *supra*, "[t]he issue of a wife cohabiting with her husband who is not impotent, is indisputably presumed to be

---

[1] These cases interpreted the presumption as it was codified in the California Civil Code. The sections have been repealed and reenacted multiple times such that it is now found in the Family Code. The presumption, however, has had no substantive change. 23 Cal.L.Rev.Comm. Reports 1 (1993).

legitimate." 6 G.C.A. § 5106(5). The Guam Legislature has decided not to include a method of overcoming this presumption as California has in § 7541. Thus, it follows that the already strong presumption of paternity found in California is further strengthened in Guam, as the Legislature has denied putative fathers the means to overcome the presumptive father's presumption of paternity. Similarly, the policies in favor of protecting the integrity of the family unit, familial stability, and the welfare of the child would be given even greater weight over the putative father's interests.

In this case, Kennidie is approaching nine years of age. *See Munoz Decl.* Feb. 6, 2012 ¶ 3. Buenvenido is listed as the father on Kennidie's birth certificate. *Id.* She was born to the marriage of Buenvenido and Lolita. *Id.* Buenvenido has cared for Kennidie since her birth and has always held himself out to be her father. *Barcinas Decl.* Feb. 16, 2012 ¶ 6. Kennidie refers to him as her father. *Id.* Buenvenido and Kennidie enjoy more than the minimum visitation rights stipulated to in DM0799-08. *Id.* ¶ 7. Buenvenido asserts his love for Kennidie and wishes to be viewed as her legal father. *Id.* ¶ 8. At all times, he has provided Lolita with child support for Kennidie's benefit. *Id.* ¶ 9. Taken together, Buenvenido is the only father Kennidie has ever known.

Plaintiff Medina seeks to assert his paternity over Kennidie. However, under 19 G.C.A. § 4102, she is presumed to be the legitimate child of Buenvenido and Lolita's marriage. This can only be disputed by them. *See* 19 G.C.A. 4103. Neither parent wishes to dispute this. *See Munoz and Barcinas Declarations* Feb. 16, 2012. Under 6 G.C.A. § 5106(5), Kennidie is presumed to be legitimate. Additionally, for policy considerations, this Court looks toward the integrity of the family unit, familial stability, and the welfare of the child as having greater weight than Plaintiff's interests in asserting paternity. Therefore, it is the determination of this Court that, in a light most favorable to Plaintiff, his assertion of paternity cannot stand and Defendants are entitled to judgment as a matter of law.

It is Plaintiff's contention that he is not challenging Kennidie's legitimacy, only seeking to be declared her legal father. While the language used in Guam's

presumption of legitimacy differs from California's presumption of the child being "of the marriage" the purposes for the statutes as well as the policy considerations remain the same. While a putative father may have an interest in establishing paternity, such interests must yield to others, especially where, as here, the law favors the extant father/child relationship. To hold otherwise would open the door for families relying on these statutes and policies to suffer the hardships associated in defending an action such as this.

**B. Motion for Genetic Testing.**

Plaintiff Medina brings his motion for genetic testing pursuant to 5 G.C.A. § 34119. While this Court is of the belief that for the aforementioned reasons he lacks the standing to do so, in an abundance of caution this Court now discusses the motion.

Under section 34119, "[p]aternity proceedings are commenced by the filing of a complaint that includes the social security number of each party, if known, and that alleges a woman is the mother of a child or children conceived out of wedlock and that defendant is the biological father of the child or children." 5 G.C.A. § 34119(b)(1). Plaintiff argues that Kennidie was "conceived out of wedlock" and thus Section 34119 applies here. This Court does not agree.

Plaintiff accurately describes § 34119 as a means of establishing paternity. However, the Legislature did not contemplate the use of this section by a putative father naming the child's mother and presumed father as Defendants. Given the strictest reading, the establishment of paternity under this section may only be applied where the "<u>defendant</u> is the biological father of the child or children." 5 G.C.A. § 34119(b)(1) (emphasis added). It follows that the Legislature did not want this section to apply in a case such as this, where the child already has a father, presumed or otherwise, and another person claiming to be the biological father seeks invoke this section while naming the mother, father, and child as defendants to the action.

The Supreme Court of Guam has continuously stood for the premise that laws must be read as a whole. "[A] statute should be read as a whole and, we must

not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." Richardson v. Richardson, 2010 Guam 14 ¶ 23 (quoting Sumitomo Constr. Co. v. Gov't of Guam, 2001 Guam 23).

Section 34119 does not exist in a vacuum. It is part of a larger scheme of child support statutes. The Guam legislature has found "that a system of public assistance should provide for the safety and protection of children." 5 G.C.A. § 34101(b)(2). The Legislature has contemplated the application of the child support system to apply to absent parents, which it has defined as "any person who is responsible for the support of a child, who is absent from the household whether such person's location is known or unknown, and who fails to provide for the support of such child." 5 G.C.A. § 34102. The Legislature "has determined there is a public policy in favor of establishing paternity, of having parents support their children, and in having fair and equitable support orders." 5 G.C.A. § 34105.

Here, Plaintiff seeks to invoke a section of the statute for a purpose and in a manner the Legislature never intended. Kennidie already has the support of Buenvenido, so the policy considerations in place to protect her interests are satisfied. To allow Plaintiff to intermeddle where there is already a father for the child would run contrary to the Legislature's policy of fairness and equity in support orders. It is for all these reasons, as well as those found in Part A of this Decision and Order, the Court finds Plaintiff may not pursue paternity under 5 G.C.A. § 34119 and the motion for genetic testing must fail.

//
//
//
//
//
//

Decision and Order
Case No. DM0860-11

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Genetic Testing is hereby **DENIED**. For these same reasons, Defendants' Motion for Summary Judgment is hereby **GRANTED**. Judgment shall be entered for Defendants.

Defendants shall prepare a Judgment consistent with this Decision and Order within thirty (30) days.

It is **SO ORDERED** this 15th day of March, 2013.

MAR 1 4 2013

Original Signed By:
Hon. Alberto C. Lamorena III

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAR 1 5 2013

Esther P.S. Pinaula
Deputy Clerk, Superior Court of Guam